UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cr-00021 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| MARQUICE A. MURRAY, | : | |
| | : | |
| Defendant. | : | |

---

ENTRY AND ORDER DENYING MOTION
FOR MISCELLANEOUS RELIEF (DOC. NO. 39)

---

Before the Court is Defendant Marquice A. Murray's ("Murray") Motion for Miscellaneous Relief (the "Motion")[1] (Doc. No. 39.) Murray is currently incarcerated at FCI Atlanta in Atlanta, Georgia, with a release date of October 12, 2036. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited November 17, 2025).) By his present Motion, Murray moves the Court for appointment of counsel to assist him in exploring any relief—namely, sentence-reduction—he may be entitled to under 18 U.S.C. § 3582(c). (Doc. No. 39 at PageID 224.) For reasons outlined below, the Court **DENIES** Murray's Motion.

The Supreme Court has unambiguously held that "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). All federal appellate courts, including the Sixth Circuit, agree that this rule extends to motions for compassionate release: "[T]here is no constitutional (or statutory) right to appointed counsel in

---

[1] Murray's Motion is docketed as "Motion to Reduce Sentence; Motion for Counsel." (*See* Doc. No. 39.) Based on the contents of the Motion, it is clear Murray requests that the Court appoint him counsel to investigate and pursue any potential claims he may have to relief under 18 U.S.C. § 3582(c). (*See id*. at PageID 224.) The Motion does not otherwise address what bases, if any, support a reduction in his sentence. (*Id*.) Thus, the Court limits its analysis to Murray's request for appointment of counsel.

1

§ 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). However, "[a] district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when 'the interests of justice so require.'" *United States v. Smith*, No. 18-CR-00049, 2022 WL 1127116, at *1 (E.D. Tenn. Apr. 15, 2022). In conducting this determination, courts are to consider various factors, "including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

Here, the circumstances of this particular case do not justify court-appointed representation. Although unclear, Murray seems to take issue with his criminal history categorization as outlined in his Presentence Investigation Report (the "PSR"): "I was on parole [and] probation when I was sentence[d] which gave me 2 additional points that put me [at] a[] category F-6[.] [W]ithout those points I would've landed in E-5 so could you please appoint me or provide [sic] me in the correct direction to see if I may get anytime off."[2] (Doc. No. 39 at PageID 224.) General, unfounded qualms with one's criminal history point computation do not render this case factually distinctive or complex by any means.[3] Nor is the applicable law in seeking the requested relief particularly complex. *See United States v. Villarreal*, No. 11-CR-00083-4, 2025 WL 818181, at *3 (M.D. Tenn. Mar. 13, 2025) ("A compassionate-release request is not a

---

[2] From what the Court can gather, Murray seems to oppose the following portion of his PSR: "Pursuant to U.S.S.G. § 4A1.1(d), if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status, 2 points shall be added to the criminal history score. Murray's offense occurred between October 30, 2019 and December 30, 2019. Murray was on PRC supervision for Burglary (Physical Harm) in Case No. 16CR2602 and on probation for Robbery (Physical Harm) in Case No. 18CR3944/2 at the time of the commission of the counts of conviction. Therefore, 2 points are added to the criminal history score." (Doc. No. 30 at PageID 138.)

[3] The Court finds it prudent to note Murray knowingly and voluntarily signed a plea agreement and was therefore apprised of the terms of imprisonment associated with his convictions and any potential sentences he was to receive at the time he signed the plea agreement. (*See* Doc. No. 27.)

2

particularly complex claim factually or legally."). Finally, the Court has no cause to deduce Murray is incapable of representing himself.[4] Accordingly, the circumstances of Murray's case do not support court-appointed representation. If Murray wishes to pursue relief under § 3582(c), he may either proceed *pro se* or retain counsel.

For the reasons stated above, the Court **DENIES** Murray's Motion for Miscellaneous Relief (Doc. No. 39.)

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 17, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[4] Murray obtained his GED on December 19, 2016. (*See* Doc. No. 30 at PageID 144.)