UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cr-21 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| MARQUICE A. MURRAY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ENTRY AND ORDER DENYING MOTION FOR REDUCTION OF SENTENCE TERM PURSUANT TO 18 U.S.C. § 3582(c)(1)(A), AND AMENDMENT #829 (DOC. NO. 41)**

Presently before the Court is Defendant Marquice A. Murray's ("Murray") Motion for Reduction of Sentence Term Pursuant to 18 U.S.C. § 3582(c)(1)(A), and Amendment #829 ("Motion") (Doc. No. 41). Pursuant to a plea agreement, Murray was convicted of interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and for discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 34 at PageID 161-62.) On December 1, 2020, Court sentenced Murray to an aggregate term of imprisonment of 230 months. (Doc. No. 33.) Now, Murray seeks, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his term of imprisonment based upon amendments made to the United States Sentencing Guidelines since his conviction. (Doc. No. 41 at PageID 229.) In particular, Murray points to Amendment 829, which was promulgated in 2024 and instructed sentencing courts to consider a criminal defendant's relative youth when assessing that individual's history and characteristics. (*Id.* at PageID 230-31.)

Broadly, 18 U.S.C. § 3582(c)(1)(A) allows courts to modify a criminal defendant's sentence of imprisonment based on extraordinary and compelling reasons, consistent with applicable policy statements of the United States Sentencing Commission.  In the Sentencing Guidelines, the Sentencing Commission has taken care to explicitly state what Guideline amendments are to be applied retroactively, as Murray seeks to do here.  U.S.S.G. § 1b1.10(d).  Notably, Amendment 829 has not been identified as an amendment intended to have a retroactive effect.  *Id.*  What is more, Amendment 829 was repealed, in full, in 2025.  *See* U.S.S.G. § 5h1.1, *et seq*.  Murray's arguments are inapplicable then.  The Sentencing Guideline amendment which he claims entitles him to a sentence reduction was not made retroactive, and, even if it had, the amendment is null.  Therefore, Murray's Motion for Reduction of Sentence Term Pursuant to 18 U.S.C. § 3582(c)(1)(A), and Amendment #829 (Doc. No. 41) is **DENIED**

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, January 20, 2026.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE